UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                       )
H. DOYL BURKETT,                       )
                                       )   No. C06-1021RSL
                  Plaintiff,           )
       v.                              )   ORDER ON STIPULATION
                                       )   REGARDING APPLICATION
UNION SECURITY INSURANCE               )   OF THE WASHINGTON
COMPANY, a foreign corporation, fka    )   PREJUDICE RULE
FORTIS BENEFITS INSURANCE              )
COMPANY, a foreign corporation,        )
                                       )
                  Defendant.           )
_____)

This matter comes before the Court on the parties' "Stipulation and Order Re: Application of the Washington Prejudice Rule" (Dkt. #20). In this filing, the parties:

> [S]tipulate and respectfully request that the Court enter an order that pursuant to the decisions of the Supreme Court in UNUM Life Ins. Co. of America v. Ward, 526 U.S. 358 (1999) and Kentucky Assn. of Health Plans Inc. v. Miller, 538 U.S. 329 (2003), Washington's prejudice rule is a state law that "regulates insurance," is thereby saved from ERISA preemption, and applies to the case at bar.

See Dkt. #20 at 1.

"[P]arties may not stipulate to the legal conclusions to be reached by the court." Saviano v. Comm'r of Internal Revenue, 765 F.2d 643, 645 (7th Cir. 1985). "Issues of law are the province of courts, not parties to a lawsuit, individuals whose legal conclusions may be tainted by self-interest. Courts, accordingly, 'are not bound to accept as controlling, stipulations as to questions of law.'" TI Federal Credit Union v. Delbonis, 72 F.3d 921, 928 (1st Cir. 1995)

ORDER

(quoting <u>Estate of Sanford v. Comm'r</u>, 308 U.S. 39, 51 (1939)). Accordingly, the stipulation and proposed order (Dkt. #20) received by the Court will remain lodged in the file, but will not be entered.

The parties may, of course, file a motion <u>fully briefing the issue</u> of whether Washington's prejudice rule is saved from preemption <u>under the facts of this case</u>. The parties' stipulation alone, however, fails to articulate the specific Washington rule to be applied and why this rule is saved from ERISA preemption. The case cited by the parties, <u>UNUM Life Ins. Co. of Amer. v. Ward</u>, 526 U.S. 358 (1999) discussed California's notice-prejudice rule. This Court declines, however, to decide whether Washington's prejudice rule is preempted based only on citation to the <u>UNUM</u> case and <u>Kentucky Ass'n of Health Plans, Inc. v. Miller</u>, 538 U.S. 329 (2003), especially since the Supreme Court noted that this issue is "so heavily dependent on analysis of state law." <u>UNUM</u>, 526 U.S. at 368.

For all the foregoing reasons, the Court declines to enter the parties' proposed order (Dkt #20).

DATED this 13th day of February, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER                                    -2-