UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

H. DOYL BURKETT,

Plaintiff,

v.

UNION SECURITY INSURANCE COMPANY, a foreign corporation, fka FORTIS BENEFITS INSURANCE COMPANY, a foreign corporation,

Defendant.

No. C06-1021RSL

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE STANDARD OF REVIEW

## I. INTRODUCTION

This matter comes before the Court on "Plaintiff's Motion for Partial Summary Judgment Re: Standard of Review" (Dkt. #17).[1] This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), for payment of long-term disability benefits that plaintiff claims are due under the terms of an insurance policy issued by defendant Union Security Insurance Company (formerly known as Fortis Benefits Insurance Company) ("Union"), the plan administrator, to his former employer Voldal Wartelle & Company, P.S. ("Voldal"). In his motion, plaintiff requests that the Court review *de novo* defendant's denial of

[1] In any future filings with the Court, plaintiff's counsel is strongly urged to comply with Local Civil Rule 10(e)'s formatting requirements, including that "[f]ootnotes must be 10 point or larger."

plaintiff's claim for disability benefits. In opposition, defendant argues that the long-term disability policy was amended and requires an abuse of discretion review. For the reasons set forth below, the Court grants plaintiff's motion.[2]

## II. DISCUSSION

### A. Background

On August 29, 2006, plaintiff filed an amended complaint against defendant for: (1) breach of contract; (2) violation of the Washington consumer protection act; (3) bad faith; (4) negligence; and (5) right to benefits under ERISA. See Dkt. #7. On October 24, 2006, all of plaintiff's claims except the ERISA claim were dismissed by stipulation and order. See Dkt. #14. Now that the case has been reduced to the ERISA claim, plaintiff and defendant dispute which standard of review should be applied to adjudicate plaintiff's claim.

Defendant asserts that the long-term disability policy was amended giving defendant discretionary authority to determine plaintiff's benefit eligibility. The purported amendment states:

> ENDORSEMENTS AND AMENDMENTS
> Effective November 1, 1997, the group long term disability insurance policy(ies) issued to the policyholder [Voldal] by Fortis Benefits Insurance Company shall be modified as follows: The Claims Provision section is changed by the addition of the following: Authority[.] We shall have the sole discretionary authority to determine eligibility for participation or benefits and to interpret the terms of the Policy. All determinations and interpretations made by us are conclusive and binding on all parties.

See Dkt. #18, Ex. 2 (US29); Dkt. #22-2, Ex. C. As a result of this provision, defendant contends that the Court's review of defendant's denial of plaintiff's claim should be for abuse of discretion. See Feibusch v. Integrated Device Tech., Inc. Employee Benefit Plan, 463 F.3d 880, 883 (9th Cir. 2006) (citing Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999)

---

[2] Because this matter can be decided on the parties' memoranda, plaintiff's request for oral argument is denied.

(en banc) ("[D]istrict courts must review ERISA benefit denial claims *de novo* unless the discretion to grant or deny claims is unambiguously retained by a plan administrator or fiduciary.")); Jordan v. Northrop Grumman Corp. Welfare Benefit Plan, 370 F.3d 869, 875 (9th Cir. 2003) (holding that the court reviews the denial of benefits for abuse of discretion when "the plan has put the locus for decision in the plan administrator"). Plaintiff alleges the amendment is not valid, and in the absence of a clear grant of authority to defendant in the policy, the Court should review the denial of plaintiff's benefits claim *de novo*.

It is uncontested in this case that unless the purported amendment is enforceable, the Court should apply a *de novo* standard of review. See Response at 2, n.1 ("Defendant agrees with plaintiff that under Ninth Circuit law, with the exception of the language in the authority paragraph, there is no other language that grants discretion to it. Therefore, there is no need to respond to this argument of plaintiff."); Reply at 3 ("Union has expressly conceded that the original ERISA plan documents to not confer discretion."). Accordingly, the only issue before the Court on plaintiff's motion for summary judgment is whether the purported amendment to the policy requiring an abuse of discretion review is valid.[3]

---

[3] The reasoning in the cases cited by the parties involving Fortis, Lee v. Fortis Benefits Ins. Co., 2006 U.S. Dist. Lexis 18076, at *1 (D. Minn. March 27, 2006), and Forman v. Fortis Benefits Ins. Co., 2005 WL 1917448, at *1 (S.D. Ohio Aug. 10, 2005), is not precedential or persuasive. In Lee, the court found that the plan language conveyed discretion to Fortis so the question regarding the validity of the amendment was moot. Id. at *16. In Foreman, plaintiff sought *de novo* review because of conflict of interest, and the court noted that the original plan language granted discretionary authority to Fortis. Id. at *2 ("The policy also states, 'You must furnish whatever items we decide are necessary as proof of loss or to decide our liability.' . . . Since the policy contains express language granting discretionary authority to Fortis . . . the 'arbitrary and capricious' standard of review applies in this case."). The Court also notes that another case involving Fortis, Hershey v. Mass. Mutual Life Ins. Co., 2000 U.S. Dist. Lexis 9419, at *5 (W.D. Mich. June 15, 2000), confronted the same amendment question the Court faces here, but did not need to reach whether the proposed amendment was valid because the court concluded that other language in the plan conferred discretion to Fortis. Id. at *5, n.4 ("The Court need not decide this issue because it concludes both the pre- and post-amendment language confers discretionary authority to the plan administrator.").

**B. Analysis**

As a threshold matter, plaintiff argues that the Court does not need to reach the question of whether the purported amendment is enforceable, because he alleges the amendment was not in the claim file and therefore the Court should not consider it. See Motion at 5, 16 ("Neither the purported amendment nor any documents that would verify its validity were provided to plaintiff in the claim file."); Dkt. #18 at ¶11. Similarly, plaintiff argues that the Court should not consider extrinsic evidence or documents presented by defendant supporting the amendment's validity that are not already part of the record. See Motion at 21 ("Since evidence substantiating the amendment was not in the claim file, the Court should consider no documents or evidence not part of the administrative record."); Reply at 4 ("The Court Should Not Consider Union's Extrinsic Evidence.").

"[A] reviewing court must initially decide *de novo* whether the plan's language grants the administrator discretion and whether the administrator acted within the scope of that discretion. If the reviewing court determines that the language of the plan does grant discretion in a particular area, it reviews decisions taken under that grant for abuse thereof. In all other cases review is *de novo*." Johannssen v. Dist. No. 1 - Pac. Coast Dist., MEBA Pension Plan, 292 F.3d 159, 168 (4th Cir. 2002) (internal citations omitted). Accordingly, the Court here reviews *de novo* the issue of whether the plan granted defendant discretionary authority to determine plaintiff's benefit eligibility.

**1. Defendant's Extrinsic Evidence**

Under a *de novo* standard of review, the court has discretion to determine whether to consider extrinsic evidence. See Thomas v. Oregon Fruit Prods. Co., 228 F.3d 991, 997 (9th Cir. 2000) ("[W]hen reviewing a genuine issue of fact *de novo*, the district court has discretion, subject to the guidelines set forth in Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan, 46 F.3d 938 (9th Cir. 1995), to consider additional evidence. Under Mongeluzo, such evidence should be considered 'only when circumstances clearly establish that additional

evidence is necessary to conduct an adequate *de novo* review of the benefit decision.") (internal citation omitted). The Mongeluzo court outlined the guidelines for consideration of extrinsic evidence, stating that "new evidence may be considered under certain circumstances to enable the full exercise of informed and independent judgment" and adopted the standard from Quesinberry v. Life Ins. Co., 987 F.2d 1017, 1025 (4th Cir. 1993) (en banc), "we adopt a scope of review that permits the district court in its discretion to allow evidence that was not before the plan administrator." See Mongeluzo, 46 F.3d at 943-44 (emphasis in original). Under this discretionary authority, the Court here determines it is necessary to consider the extrinsic evidence submitted by defendant regarding the purported plan amendment, since the amendment itself concerns the standard to be applied by the Court in reviewing plaintiff's ERISA claim.[4]

Defendant submits extrinsic evidence through the Declaration of Tony Jones, which includes two documents defendant argues show that the policy amendment granting it discretionary authority is valid. See Response at 6 ("The extrinsic evidence, which is properly before this Court, clearly establishes the employer's knowledge and acceptance of the amendment."); Dkt. #22-2 (Declaration of Tony Jones). The first document is a copy of a cover letter the contents of which "are identical to the letter" defendant alleges it mailed to Voldal enclosing the proposed amendment to the policy. Id. at ¶3; Ex. A. The letter states:

> We [Fortis] encourage you [Voldal] to accept this amendment. You do not need to return a signed copy to us. However, you have 90 days from the date of this letter to decline the amendment by sending written notice to Mr. Tony Jones at the address listed above. The notice should be signed by an authorized company officer.

---

[4] Plaintiff argues that the Court should not examine any extrinsic evidence here based on Bergt v. Ret. Plan for Pilots Employed by MarkAir, Inc., 293 F.3d 1139, 1145 (9th Cir. 2002). See Reply at 4. In Bergt, the Ninth Circuit held that the "district court's consideration of extrinsic evidence to resolve the conflict [between the plan master document and Summary Plan Description], however, was erroneous." In contrast here, the Court is not attempting to resolve a conflict between the SPD and policy, but rather is resolving the question of whether a plan amendment is valid. As discussed below in section II.B.2, the Court follows Bergt by disregarding the discretionary language in the 2002 SPD as conflicting with the policy.

Id. Defendant claims that Voldal accepted the amendment because "Neither [Tony Jones] nor anyone at Fortis Benefits received written notice or notice of any type from Voldal declining the Amendment at any time." Dkt. #22-2 at ¶7.

The second document submitted by defendant in support of the amendment's validity is a copy of the 2002 Summary Plan Description ("SPD"), which includes the same grant of authority paragraph as the purported amendment. See Dkt. #22-2, Ex. E. While defendant admits that the 2002 SPD does not apply to plaintiff's claim, defendant asserts that the inclusion of the paragraph granting discretion to Fortis in the SPD establishes Fortis' knowledge of the plan amendment containing the same provision, and its acceptance of it. See Response at 7 ("This is yet another plan document that was sent to Voldal and which includes discretionary language."). Even with the extrinsic evidence submitted by defendant, the Court concludes as a matter of law that the amendment is not enforceable and therefore the Court will conduct its review of plaintiff's claim *de novo*.

**2. The Alleged Policy Amendment**

Under section 402(b)(3) of ERISA, 29 U.S.C. § 1102(b)(3), every employee benefit plan must provide "a procedure for amending such plan, and for identifying the persons who have authority to amend the plan." Plan beneficiaries, like the plaintiff here, may "try[] to prove that unfavorable plan amendments were not properly adopted and are thus invalid." See Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73, 84 (1995). Nothing in ERISA, however, is designed to either obstruct or facilitate such efforts. Id. "ERISA, rather, follows standard trust law principles in dictating only that whatever level of specificity a company ultimately chooses, in an amendment procedure or elsewhere, it is bound to that level." Id. at 85. In this case, the policy contains the following amendment procedure:

> Changing the Policy[.] The policyholder owns the policy. The policy may be changed at any time by an endorsement or amendment agreed upon by the policyholder and us. A change must be approved by one of our executive officers. No agent can change the policy or waive any of its provisions.

Dkt. #18, Ex. 2 (US221). Under this provision, the policy may be changed by an endorsement or amendment agreed upon by the policyholder, in this case Voldal. Here, based on the extrinsic evidence submitted by defendant, the Court concludes as a matter of law the amendment was not agreed upon as required by the amendment procedure.

Defendant claims that the amendment is valid because Voldal did not decline the amendment as required by the cover letter sent to Voldal in 1997 attaching the proposed amendment. See Response at 6; Dkt. #22 at ¶3. In making this assertion, defendant is arguing that Voldal accepted the amendment by silence. Based on the circumstances here, however, Voldal's alleged silence cannot be deemed an acceptance of the proposed amendment.

When interpreting a policy under ERISA, federal courts apply federal common law, and "'interpret terms in ERISA insurance policies in an ordinary and popular sense as would a person of average intelligence and experience.'" See Padfield v. AIG Life Ins. Co., 290 F.3d 1121, 1125 (9th Cir. 2002) (quoting Babikian v. Paul Revere Life Ins. Co., 63 F.3d 837, 840 (9th Cir. 1995). In so doing, the court "may 'borrow from state law where appropriate[.]'" Id. Under the general common law rule, silence cannot be taken as manifestation of assent to an offer. See Union Pac. R.R. Co. v. Chicago, Milwaukee, St. Paul and Pac. R.R. Co., 549 F.2d 114, 118 (9th Cir. 1976) ("One party cannot unilaterally modify a contract without the consent of the other party.") (citing Hanson v. Puget Sound Navigation Co., 52 Wn.2d 124 (1958)).[5] The policy's amendment procedure did not specify that Voldal's silence could function as agreement to a proposed amendment, and defendant has put forth no evidence showing that

[5] See also Richard Craswell, Article: Offer, Acceptance, and Efficient Reliance, 48 Stan. L. Rev. 481, 524 (1996) ("Acceptance by silence. Another interpretive problem arises when an offeree neither accepts nor rejects an offer, but simply remains silent. The parties are of course free to agree in advance that such silence will count as an acceptance, as is common in mail order book and record clubs. The parties are also free to agree that silence will not count as acceptance. The difficult cases - here, as elsewhere - are those where the parties have not agreed either way. The common law default rule is that, absent a prior agreement to the contrary, silence does not count as acceptance." (emphasis added).

Voldal's silence could be construed as agreement. In absence of such a provision and showing, the Court cannot conclude that Voldal "agreed upon" the purported amendment simply not responding to a cover letter. See Winterrowd v. Amer. Gen. Annuity Ins. Co., 321 F.3d 933, 937 (9th Cir. 2003) ("The purpose of § 402's mandate that benefit plans set forth, and adhere to, definite procedures for amendment, is to ensure that 'proposed plan amendments, which are fairly serious events, are recognized as such and are given the special attention they deserve.'") (quoting Curtiss-Wright Corp., 514 U.S. at 82); Kinne v. Lampson, 58 Wn.2d 563, 566 (1961) ("Appellant's silence after the respondent's purported offer of settlement cannot be construed as an acceptance.").[6]

In this case there is no disputed issue of fact regarding the procedure by which defendant proposed the amendment. See Reply at 6 ("Union's extrinsic evidence proves, contrary to the Plan's requirements, that it attempted to unilaterally amend the Plan."). Accordingly, viewing the facts and inferences in the light most favorable to defendant, the Court can decide on summary judgment what standard of review applies as a matter of law because the alleged failure of Voldal to respond to defendant's letter does not constitute agreement to the amendment as required by the procedures set forth for changing the policy. See Fed. R. Civ. P. 56(c); Dkt. #18, Ex. 2 (US221) (requiring that any amendment be "agreed upon").

Finally, defendant also claims the 2002 SPD supports the validity of the amendment. See Response at 6-7. While it is true the 2002 SPD contains the same discretionary language as the purported amendment, the unamended policy governs here because it is more favorable to plaintiff than the 2002 SPD containing the discretionary language. See Bergt, 293 F.3d at 1144

---

[6] See also Restatement (Second) of Contracts § 69 (Acceptance by Silence or Exercise of Dominion), cmt. a (1981) (stating "The mere receipt of an unsolicited offer does not impair the offeree's freedom of action or inaction or impose on him any duty to speak. The exceptional cases where silence is acceptance fall into two main classes: those where the offeree silently takes offered benefits, and those where one party relies on the other party's manifestation of intention that silence may operate as acceptance."). Here, the amendment did not confer a benefit on Voldal, and the amendment procedure in the policy did not provide for silence as a means of acceptance.

("[W]hen the plan master document is more favorable to the employee than the SPD, . . . it controls, despite contrary unambiguous provisions in the SPD."). Accordingly, the Court concludes that the terms of the plan without the grant of discretion control in this matter.

## III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS plaintiff's "Motion for Partial Summary Judgment Re: Standard of Review" (Dkt. #17). Accordingly, the Court will review plaintiff's ERISA claim *de novo*.

DATED this 7th day of June, 2007.

Robert S. Lasnik
United States District Judge